Reese/J.
delivered the opinion of the court.
Langtree & Jenkins obtained against one Vincent, in the Circuit^Court for Tipton county, a judgment for 13500, and one Rhodes obtained in the same court, against the same party., a judgment for about the sum of $280. Executions issued upon these judgments, and were levied by the Sheriff of Tipton county upon a tract of land, containing thirty-two acres, lying in said county, and on the 15th February, 1841, the tract of land was sold, and Langtree & Jenkins became the highest and last bidders, for the sum of $100, and the Sheriff executed to them a-deed of conveyance for the same.
On the fourth of February, 1843, the complainant procured from Rhodes an assignment of his judgment, and in a few days thereafter, and before the expiration of two years from the time of the sale, he deposited with the Clerk of the County Court of Tipton, the amount bid by Langtree & Jenkins, with ten per cent, thereon, and offered to credit his judgment, assigned by Rhodes against Vincent, with ten per cent., but before these *390 proceedings, and before the assignment of Rhodes’ judgment to the complainant, Vincent, the debtor, had filed his petition in the District Court of the United States for the District of West Tennessee, at Jackson, to obtain the benefit of the bankrupt act, passed by the Congress of the United States, and by the judgment and decree of said court, had been duly declared a bankrupt, and has since obtained his certificate. The complainant , has filed his bill to redeem this land, so sold and conveyed by the Sheriff of Tipton county to Langtree & Jenkins, and to divest their legal title and that of their assignees, and to have the same vested in himself. And the question is, whether, under the circumstances stated, he is entitled thereto? -
The 3d section of the act of Congress' referred to, provides, “That all the property, and rights of property of every name and nature, and whether real, personal, or mixed, of every bankrupt by a decree of the proper courtdeclared to be a bankrupt, within this act, shall by mere operation of law, ipso facto, from the time of such decree, be deemed to be divested out of such bankrupt, without any other act, assignment or conveyance whatever, and the same shall be vested, by force of the same decree, in the assignee,” &c.
The 11th section provides, “Thai: the assignee shall have full authority, by and under the’order and direction of the proper court of bankruptcy, to redeem and discharge any mortgage, or pledge, or deposits, or lien upon any property, real or personal, whether payable in prccsenti, or at a future day, and to tender a due performance of the conditions thereof.”
The 5th section provides, that creditors “shall be entitled to share in the bankrupt’s property and effects pro rata, without any priority or' preference whatsoever.”
What legal effect and operation do these several provisions produce upon the relations and rights of the parties in reference to the land, under the circumstances in which it was placed? Langtree & Jenkins were the purchasers, and had the legal title by the Sheriff’s deed, subject for the term of two years to be divested, by the debtor or his judgment creditors, upon their payment of the principal sum bid and ten per cent, thereon, unless such purchaser being a judgment creditor would *391 over-bid them, which he might do, toñas quolies, until he exhausted his judgment.
The leading object of the statute was, to make the land, although sold and conveyed by the Sheriff, a fund during two years for the payment of as large an amount as practicable of the debtor’s judgment liabilities, or to restore to him the land if able to redeem and there be no creditors offering to do so. As among the creditors, it is a process of consecutive priorities: each redeeming creditor is placed in the situation of the purchaser, and may have all his advances refunded to him, and if he soelects, may have his judgment exhausted before he can have his title divested, or his lien removed. The legal’ basis of the whole matter, however, is the debtor’s right of redemption. It has been seen, tüat this right is vested, by the terms of the bankrupt law, in the assignee in bankruptcy, to be exercised under the direction of the court.
When the debtor’s right is so transferred to the assignee in bankruptcy, what is the condition of the judgment creditor’s right? can he overlook the decree and proceedings in bankruptcy, escape the pro rata principle of distribution, and seize upon this fund to obtain a priority and full satisfaction of his judgment? To do so, would contravene all the principles and provisions of the bankrupt act. If this might be done, the assignee would find, when he came to redeem under the direction of the court, that the fund intended by him for the benefit of the general creditors, has been exhausted by competition among creditors out of the bankrupt court, by a proceeding of their own, by which they had obtained full satisfaction for their debts. Clearly such proceedings would not be lawful. It is said such a construction should be given to the bankrupt law, when practicable, as will least interfere with State legislation. Certainly it should. And upon this principle, the purchaser being a judgment creditor, or one redeeming from-him before petition or decree in bankruptcy, would have been permitted to resist the redemption of the assignee to the whole extent of his judgment. But after decree, to suffer a priority process to go on out of court as to one class of funds, defeating the redemp *392 tion by the assignee, while the pro rata principle is enforced in court, could not be tolerated- ,
It is said the attempt to redeem may be declared good for the benefit of the general creditors. We answer; we have no right so to declare it here, and in this cause, moreover, the act was not done by the order of the court of bankruptcy, or in the name of the assignee, or on behalf of the general creditors, but it was done by one, having no right, and for his own benefit, and produces no effect on the rights of the defendants'. We deem it useless to discuss the other point in the case. Reverse the decree, and dismiss the bill with costs.